UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                            CHAPTER 11
                                                                  CASE NO.: 6:15-BK-07275-KSJ
PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC and          JOINTLY ADMINISTERED WITH
GRACIOUS LIVING DESIGN                 CASE NO.: 6:15-BK-07276-KSJ
CENTER, INC.                           CASE NO.: 6:15-BK-07277-KSJ

                Debtors.
_____/

KELLOGG & KIMSEY, INC.
A Florida Corporation,

        Plaintiff

v.                                                                Adv. Case No.: _____

PROGRESSIVE PLUMBING, INC.,
A Florida Corporation, ALLIED WORLD
SPECIALTY INSURANCE COMPANY,
a Foreign Profit Corporation
_____/

## ADVERSARY COMPLAINT

Plaintiff, Kellogg & Kimsey, Inc. ("K&K"), through its undersigned counsel, files this Complaint against Debtor, Progressive Plumbing, Inc. ("Progressive"), and Allied World Specialty Insurance Company ("Allied"), f/k/a Darwin National Assurance Company and alleges:

1.      K&K, is a Florida corporation with its principal place of business at 6077 Clark Center Avenue, Sarasota, Florida 34238.

1

2.  Allied is a foreign corporation domiciled in Delaware with its principal place of business at 1690 New Britian Avenue, Suite 101, Farmington, CT 06032, which is authorized to, and is conducting business in the state of Florida.

3.  On or about April 29, 2015, Darwin National Assurance Company filed its "Application by Foreign Profit Corporation to File Amendment to Application for Authorization to Transact Business in Florida," incorporated and attached as Exhibit "__A__". Under this application, the company requested a name change to Allied World Specialty Insurance Company. This change was approved by the Florida Department of State, Division of Corporations.

4.  Allied's registered agent for service of process is Chief Financial Officer, 200 East Gaines Street, Room 101A, Tallahassee, FL 32399.

5.  Progressive is a Florida corporation with its principal place of business at 1064 West Highway 50, Clermont, FL 34711.

6.  Progressive's registered agent for service of process is William Lawson 1064 W. Highway 50, Clermont, Florida 34711.

7.  This is an action for damages over Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

8.  All conditions precedent have occurred, been performed, or have been waived.

9.  Ace Hospitality, Inc. ("Ace"), a non-party, is the owner of a hotel project known as 1800 West End Hotel & MX Development, at 1800 West End Avenue, Nashville, Tennessee 37203 ("Project").

10. On or about October 1, 2012, K&K entered into a standard form agreement with Ace to act as the prime contractor to construct the Project.

11. Progressive is or was a subcontractor that, occasionally, required surety performance and payment bonds on various construction projects.

12. As part of its business, Allied issues performance and payment surety bonds for selected construction contractors.

13. Progressive applied for bonding with Allied.

14. On March 26, 2013, at the request of Progressive, Allied, as surety, issued the Bond, bond no. D00000007, on behalf of Progressive, as principal for the Project, for the Obligee, K&K, in the penal sum amount of One Million Seven Hundred Fifty Thousand and 00/100 Dollar (1,750,000.00). A copy of the Bond is incorporated and attached as Exhibit "**B**".

## COUNT I – BREACH OF CONTRACT AGAINST PROGRESSIVE

15. K&K realleges and incorporates the allegations in Paragraphs 1 through 14 as if fully set forth herein.

16. On February 22, 2013, Progressive subcontracted with K&K to furnish shop drawings, labor, materials, equipment, scaffolding, safety equipment, tools, hoisting, supervision, and fabrication, all licenses; delivery and freight costs; loading, unloading, erection, placement or storage of items provided; and other such accessory items for a complete plumbing system required for the Project ("Agreement"). A copy of the Agreement is incorporated and attached as Exhibit "**C**".

17. Under the Agreement, Progressive agreed and warranted to K&K that all labor, workmanship, materials and other services (the "Work") furnished for the Project shall be in strict accordance with the plans and specifications and free from all faults, deviations, defects, and deficiencies which prevent the Work from functioning in the manner reasonably expected or fulfilling its intended purpose.

18. Progressive defaulted and/or materially breached the Agreement by performing defective and/or deficient work; performing defective and/or deficient installation of wastewater lines; performing defective and/or deficient installation of roof rain leaders; performing defective and/or deficient installation of shower water supply lines and/or shower controls; and failing to remove subcontractor liens from the Project.

19. Progressive defaulted and/or materially breached the Agreement by failing to prosecute and complete its work, which required K&K to supplement the forces of Progressive.

20. The defects in the labor, services and materials furnished by Progressive constitute a default and/or breach of Progressive's obligations, undertakings and warranty under the Agreement.

21. Under the Bond, Progressive, as Principal, and Allied, as Surety, must correct Progressive's defective Work, including latent defects discovered after the completion and issuance of the Certificate of Occupancy for the Project.

22. Because of Progressive's incomplete, faulty and defective work, ASDT a full restoration and remediation company, was hired to repair the damage arising from the defects in the labor, services and materials furnished by Progressive. A copy of the ASDT invoices are incorporated and attached as Exhibit "**D**". Progressive agreed that it was responsible for the charges incurred by ASDT for the repair and restoration work, and that any such costs and charges would be accepted by Progressive.

23. Progressive and Allied failed to pay the costs and charges incurred by ASDT.

24. K&K has been damaged by Progressive's default and/or breaches of contract including:

   a. The cost paid to investigate, repair and remediate the damage to the Project caused by Progressive's defective Work;

   b. The cost paid to complete and/or supplement Progressive's Work;

   c. Cost related to liens placed on the project;

   d. A reimbursement to Ace for lost revenue because of rooms taken out of service while K&K corrected the defective Work; and

   e. Attorney's fees, and other costs and expenses in connection with the foregoing and this suit.

25. K&K demanded that Progressive indemnify K&K, per Progressive's obligation to indemnify under the Agreement, from all damages and to correct the defects in its labor, services, or materials, but Progressive has failed or refused to do so.

26. As a direct and proximate result of Progressive's breach of the Agreement, K&K sustained damages.

27. K&K is entitled to recover its attorneys' fees, costs, and expenses pursuant to the Agreement.

**COUNT II – BREACH OF BOND AGAINST ALLIED AND PROGRESSIVE**

28. K&K realleges and incorporates the allegations in Paragraphs 1 through 27 as if fully set forth herein.

29. Under the Subcontractor Performance Bond, "whenever the Subcontractor shall be, and be declared by General Contractor to be in default under the Subcontract…the Surety [Allied] shall: Promptly reimburse General Contractor for all losses, costs, and expenses, including reasonable attorney's fees, incurred by General Contractor in the course of supplementing Subcontractor's performance; completing Subcontractor's performance; or, incurred on account

of General Contractor allowing Subcontractor to continue with its work while damages accrue and accumulate…"

30. Allied and Progressive have materially breached the Bond by their failure and refusal to correct Progressive's defective Work, and are jointly and severally liable for such breach.

31. Allied and Progressive have materially breached the Subcontractor Performance Bond, and are jointly and severally liable for such breach, by, among other things, failing and/or refusing to reimburse K&K for its losses, costs and expenses, including reasonable attorney's fees related to Progressive's default and failure to perform its obligations under the Agreement and incurred by K&K while supplementing Progressive's performance; completing Progressive's performance; and incurred because of K&K allowing Progressive to continue with its work while damages accrued and accumulated.

32. Because K&K has had to retain the services of legal counsel to prosecute its claims for breach of the Bond, and as Obligee on the Bond, K&K may recover its attorney's fees and costs.

33. K&K is entitled to recover its reasonable attorneys' fees pursuant to the Agreement and the Bond.

34. K&K may recover its reasonable attorney's fees in prosecuting this action under Florida law, including but not limited to entitlement to attorney's fees under Florida Statutes section 627.428.

35. All conditions precedent to this action have occurred, have been satisfied, and/or have been waived or discharged.

WHEREFORE, Kellogg & Kimsey, Inc. demands judgment against Allied World Specialty Insurance Company and Progressive Plumbing, Inc., jointly and severally, for damages,

including all incidental and consequential damages recoverable under Florida law, attorney's fees, with prejudgment interest, and such other and further relief as this Court deems just and appropriate.

Dated this 7th day of April, 2017.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7th, 2017, I electronically filed the foregoing *Adversary Complaint w*ith the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been furnished to all parties participating in CM/ECF Electronic Noticing.

WILLIAMS PARKER HARRISON
DIETZ & GETZEN

/s/ M. Lewis Hall, III

M. Lewis Hall, III, Esq.
Florida Bar No. 0249513
200 South Orange Avenue
Sarasota, FL 34236
Email: lhall@williamsparker.com
Secondary Email: mwengerd@williamsparke.com
Telephone: (941)366-4800
Fax: (941)954-3172
Attorneys for Creditor, Kellogg & Kimsey, Inc.

And

**GURLEY VITALE**

By: /s/ David E. Gurley
David E. Gurley, FBN 0402214
dgurley@GurleyVitale.com
Secondary: eservice@GurleyVitale.com
Jennie Z. Lippert FBN 98184
jlippert@GurleyVitale.com
Secondary: eservice@GurleyVitale.com
601 S. Osprey Avenue
Sarasota, FL 34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
*Attorneys for Kellogg and Kimsey, Inc.*