UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PROGRESSIVE PLUMBING, INC.,
PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN CENTER,
INC.

        Debtors.
_____/

CHAPTER 11,
CASE NO: 6:15-BK-07275-KSJ

JOINTLY ADMINISTERED WITH
CASE NO.: 6:15-BK-07276-KSJ
CASE NO.: 6:15-BK-07277-KSJ

KELLOGG & KIMSEY, INC., a Florida
Corporation,

        Plaintiff,

v.

PROGRESSIVE PLUMBING, INC., A
Florida Corporation, ALLIED WORLD
SPECIALTY INSURANCE COMPANY,
A Foreign Profit Corporation,

        Defendants.
_____/

Adv Case No..: 6:17-AP-00044-KSJ

PROGRESSIVE PLUMBING, INC.,

        Counter-Plaintiff,

v.

KELLOGG & KIMSEY, INC.,

        Counter-Defendant.
_____/

PROGRESSIVE PLUMBING, INC.,

        Cross-Plaintiff,

v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

        Cross-Defendant.
_____/

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

        Cross-Plaintiff,

v.

PROGRESSIVE PLUMBING, INC.,

        Cross-Defendant.
_____/

# DEFENDANT ALLIED WORLD SPECIALTY INSURANCE COMPANY ANSWER AND AFFIRMATIVE DEFENSES AND CROSS-CLAIM AGAINST PROGRESSIVE PLUMBING, INC.

Defendant, ALLIED WORLD SPECIALTY INSURANCE COMPANY ("Allied World"), by and through its undersigned counsel, hereby files this, its Answer and Affirmative Defenses and answers Plaintiff, KELOGG & KIMSEY, INC.'S ("Kellogg"), Adversary Complaint as follows:

    1.    Allied World lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the adversary complaint.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Allied World lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the adversary complaint.

7. Allied World lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the adversary complaint.

8. Denied.

9. Allied World lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the adversary complaint.

10. Allied World lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the adversary complaint.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## COUNT I – BREACH OF CONTRACT AGAINST PROGRESSIVE

15 – 27. The allegations of paragraphs 15 through 27 relate to another Defendant and therefore no formal response is required by Allied World.  To the extent those allegations assert wrongdoing, fault and/or liability on behalf of Allied World, such allegations are denied.

## COUNT II – BREACH OF BOND AGAINST ALLIED AND PROGRESSIVE

28. Allied World re-alleges and incorporates the answers in Paragraphs 1 through 27 as if fully set forth herein.

29. The language of the bond speaks for itself and no formal response is required.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff failed to state a claim as required by Federal Rule of Civil Procedure 12(b)(6).

2. Plaintiff failed to comply with the conditions precedent necessary to bring this lawsuit.

3. Plaintiff failed to provide notice to Allied World and an opportunity to cure.

4. Plaintiff's own acts or omissions caused or contributed to the alleged damages.

5. Allied World states that if Plaintiff released or releases any other party or non-party from liability or damages sought, then any damages awarded to Plaintiff against Allied World must be reduced by the amount stipulated in the release.

6. While expressly denying any liability to Plaintiff under the bond or otherwise, Allied World asserts any and all defenses that have been, could have been, or could later be raised or asserted by Progressive Plumbing Inc. ("Progressive"), the principal under the Bond, including but not limited to failure of the Plaintiff to provide notice and opportunity to cure any breach or default, Plaintiff's breach of contract, and any right to setoff.

7. Plaintiff failed to mitigate its damages numerous ways by, including but not limited to; failing to follow the terms of the Subcontract and failing to avail itself of the benefits of insurance coverage for any alleged damages.

8. Any liability attributed to Allied World was caused by Progressive, and therefore, Progressive owes Allied World for any judgment that could be asserted against Allied World in this adversary proceeding.

9. Plaintiff failed to perform its material obligations under the contract with Progressive thereby releasing Allied World from performance.

10. While expressly denying any liability to Plaintiff under the bond or otherwise, should the court find Allied World liable, such liability should be reduced in whole or in part by the cardinal change doctrine given that the value of Progressive's Subcontract has increased by approximately 50% without proper notice to Allied World.

11. While expressly denying any liability to Plaintiff under the bond or otherwise, should the court find Allied World liable, such liability should be reduced by the remaining contract balances on the Project.

12. While expressly denying any liability to Plaintiff under the bond or otherwise, should the court find Allied World liable, such liability should be reduced by the amount of overpayments made to Progressive that have improperly depleted the contract balances to the detriment of Allied World.

13. Plaintiff increased Allied World's risk of loss by improperly depleting contract balances, thereby discharging Allied World.

14. By improperly depleting contract balances, Plaintiff violated its duty to preserve collateral that serves to protect Allied World.

15. Plaintiff engaged in acts that decreased Progressive's ability to perform under the Subcontract therefore increasing Allied World's risk of loss.

16. Plaintiff engaged in acts that increased the cost of performance on the Project.

17. While expressly denying any liability to Plaintiff under the Bond or otherwise,

Allied World asserts that its potential liability under the Bond may not exceed the penal sum of the Bond.

18. While expressly denying any liability to Plaintiff under the Bond or otherwise, Allied asserts that Plaintiff's claims against Allied are barred, in whole or in part, by any set-offs, recoupments, or other claims that Progressive and/or the Surety may possess against Plaintiff including, but not limited to, Plaintiff's obligation to apply the remaining balance of the contract covered by the Bond to Plaintiff's alleged damages.

19. While expressly denying any liability to Plaintiff under the Bond or otherwise, Allied World asserts that Plaintiff's claims against Allied are barred, in whole or in part, by Plaintiff's wrongful conduct including, but not limited to, any payment that Plaintiff made to Progressive for allegedly defective work, for work that had not in fact been performed, or for any other amount that was not actually owed to Progressive.

20. While expressly denying any liability to Plaintiff under the Bond or otherwise, Allied Worlds asserts that Plaintiff's claims against Allied are barred, in whole or in part, to the extent Plaintiff accepted any allegedly defective work performed by Progressive.

21. Some or all of Plaintiff's claimed damages are not covered by the terms of the performance bond.

22. Allied World reserves the right to add affirmative defenses that may be revealed upon the discovery of additional information in this adversary proceeding.

## ATTORNEYS' FEES

Allied World seeks an award of attorneys' fees against Plaintiff as the prevailing party in this case pursuant to applicable law.

PRAYER FOR RELIEF

WHEREFORE, Allied World, requests that the Court:

1. Render judgment that Plaintiff take nothing in its suit against Allied World;

2. Dismiss Plaintiff's suit against the Allied World with prejudice, assessing costs against Plaintiff;

3. Award Allied World its attorneys' fees and expenses in this lawsuit; and

4. Award Allied World any and such other and further relief to which it may be justly entitled.

**ALLIED WORLD SPECIALTY INSURANCE COMPANY'S CROSS CLAIM AGAINST PROGRESSIVE PLUMBING, INC.**

Cross-Plaintiff, Allied World Specialty Insurance Company ("Cross-Plaintiff" or "Allied World" or "Surety"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 7013 and Fed. R. Civ. P. 13, hereby asserts the following crossclaim against Progressive Plumbing, Inc. ("Cross-Defendant" or "Progressive"), and in support thereof states as follows:

PARTIES, JURISDICTION AND VENUE

1. Allied World is a foreign corporation domiciled in Delaware with its principal place of business at 1690 New Britain Avenue, Suite 101, Farmington, CT 06032, which is authorized to, and is conducting business in the State of Florida.

2. Progressive Plumbing Inc. is a Florida corporation with its principal place of business located in Clermont, Florida.

3. Progressive is a co-defendant in the above-captioned case ("this Case").

4. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§157 and 1334(b).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A).

7. This is an action for declaratory relief pursuant to Fed. R. Bankr. P. 7001(9).

## FACTUAL ALLEGATIONS

8. On March 26, 2013, Progressive and Allied World entered into a Subcontract Performance Bond agreement, Bond Number D00000007 (the "Bond").

9. The Plaintiff in the above-captioned case, Kellogg & Kimsey, Inc. ("Kellogg"), is named as Obligee in the bond.

10. On December 7, 2015, Plaintiff filed a proof of claim in the amount of $813,547.94 based on an alleged breach of contract by Progressive (Claim No. 35) ("Claim No. 35-1").

11. On July 8, 2016, this Court entered an Order approving Progressive's Disclosure Statement and confirming its First Amended Plan of Reorganization (Doc No. 302 and 360) (collectively the "Plan").

12. In relevant part, Pages 22-24 of the Plan provides the following:

> Class 5-Allied (Plumbing, Services, and Gracious). In full satisfaction of its Allowed Secured Claim, Allied's Allowed Class 5 Claim shall be treated as follows: . . . (e) *Allied shall receive payment in full of whatever amount the Court determines Debtors owe to Allied on account of the claims made by Kellogg & Kimsey, Inc. ("Kellogg") and related to Claim No. 35-1.* Payments shall be made in monthly installments based on a 10 year amortization, fixed 4.5% interest rate, and a 6 year maturity. Debtors shall file a claims objection against the Kellogg claim. Payments shall commence 30 days after a final, non-appealable judgment or order is entered declaring the amount owed by Debtors on Claim No. 35-1. Debtors will receive credit and shall not pay Allied any amounts Debtors are to pay Kellogg due to Kellogg's Claim No. 35-1, contingent upon Kellogg giving Allied Credit for such receipts. If Allied settles with Kellogg prior to a final determination by the Court as to Debtors' liability, the bankruptcy court shall determine what amount is owed to Allied. (f) Debtors will provide Allied with copies of all insurance policies related to Kellogg and Evergreen. (g) Upon the Effective Date, Debtors shall release Allied of any claims accruing prior to the Effective Date, except for any and all claims related to Kellogg.  (Emphasis added.)

13. Kellogg's Complaint in this Case seeks, among other amounts, damages and pre- and post-petition attorneys' fees and costs and interest.

14. Kellogg's Complaint contains claims based on breach of contract, and breach of bond.

15. The Plan does not specify whether the amounts owed to Allied World in connection with Claim No. 35-1, if any, include post-petition attorneys' fees and costs and interest.

### COUNT I – DECLARATORY JUDGMENT

16. Allied World re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Allied World requests that this Court determine, as the final arbiter, the rights and obligations of Progressive and Allied World under the Plan as they may pertain to any amounts owed by Progressive to Allied World on account of the claims made by Kellogg in this Case and as related to Claim No. 35-1.

18. Allied World also requests that this Court determine whether the "amount…Debtors owe Allied on account of the claims made by [K&K] and related to Claim No. 35-1" includes post-petition attorneys' fees and costs and interest.

WHEREFORE, Allied World respectfully requests that this Court (1) determine the rights and obligations of Progressive and Allied World under the Plan as they may pertain to any amounts owed by Progressive to Allied World on account of the claims made by Kellogg in this Case and as related to Claim No. 35-1, (2) whether the amount owed by Progressive to Allied World on account of the claims made by Kellogg, and as related to Claim No. 35-1, includes post-petition attorneys' fees and costs and interest, and for such other and further relief in favor of Allied World as this Court deems just and proper.

Dated: May 10, 2017								Respectfully submitted,

*/s Jonathan P. Cohen*
Jonathan P. Cohen, Esq.
**Jonathan P. Cohen, P.A.**
Florida Bar No. 11526
500 East Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Telephone: (954) 462-8850
Facsimile: (954) 848-2987
jcohen@jcohenpa.com
service@jcohenpa.com
*Counsel for Allied World Specialty Insurance Company*

Certificate of Service

I hereby certify that on May 10, 2017, I electronically filed the foregoing motion with the Clerk of Court by using the CM/ECF system and a true and correct copy of the foregoing has been furnished to all parties participating in the CM/ECF electronic noticing.

*/s/Jonathan P. Cohen*
Jonathan P. Cohen