UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PROGRESSIVE PLUMBING, INC.,
PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN CENTER,
INC.

                Debtors.
_____/

KELLOGG & KIMSEY, INC.,

                Plaintiff,

v.

PROGRESSIVE PLUMBING, INC.,
ALLIED WORLD
SPECIALTY INSURANCE COMPANY,
,

                Defendants.
_____/

PROGRESSIVE PLUMBING, INC.,

                Counter-Plaintiff,

v.

KELLOGG & KIMSEY, INC.,

                Counter-Defendant.
_____/

PROGRESSIVE PLUMBING, INC.,

                Cross-Plaintiff,

v.
ALLIED WORLD SPECIALTY

CHAPTER 11,
CASE NO: 6:15-BK-07275-KSJ

JOINTLY ADMINISTERED WITH
CASE NO.: 6:15-BK-07276-KSJ
CASE NO.: 6:15-BK-07277-KSJ

Adv Case No..: 6:17-AP-00044-KSJ

INSURANCE COMPANY,

        Cross-Defendant.

_____/

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

        Cross-Plaintiff,

v.

PROGRESSIVE PLUMBING, INC.,

        Cross-Defendant.

_____/

## ALLIED WORLD SPECIALTY INSURANCE COMPANY'S
## AMENDED CROSS CLAIM AND COUNTER CLAIM

Cross-Plaintiff Allied World Specialty Insurance Company ("Cross-Plaintiff" or "Allied World" or "Surety"), by and through undersigned counsel, hereby files, pursuant to Fed. R. Bankr. P. 7013, Fed. R. Bankr. P. 7015, and Fed. R. of Civ. P. 15, its Amended Cross-Claim and Counter Claim, and in support thereof, states as follows:[1]

### PARTIES, JURISDICTION AND VENUE

1. Allied World is a foreign corporation domiciled in Delaware with its principal place of business at 1690 New Britain Avenue, Suite 101, Farmington, CT 06032, which is authorized to, and is conducting business in the State of Florida.

2. Progressive Plumbing Inc. ("Progressive") is a Florida corporation with its principal place of business located in Clermont, Florida.

3. Progressive is a co-defendant in the above-captioned case ("this Case").

---

[1] Leave is not necessary for this amended cross-claim and counter-claim as Allied World filed within 21 days of responding to the initial pleading. *See* Fed. R. Civ. P. 15.

4. Kellogg & Kimsey, Inc. ("Kellogg") is a Florida corporation with its principal place of business in 6077 Clark Center Ave., Sarasota, Florida 34238.

5. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§157 and 1334(b).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

7. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A).

8. This is an action for declaratory relief pursuant to Fed. R. Bankr. P. 7001(9).

## FACTUAL ALLEGATIONS

9. On March 26, 2013, Progressive and Allied World entered into a Subcontract Performance Bond, Bond Number D00000007 (the "Bond").

10. The Plaintiff in the above-captioned case, Kellogg, is named as Obligee in the bond.

11. On December 7, 2015, Plaintiff filed a proof of claim in the amount of $813,547.94 based on an alleged breach of contract by Progressive (Claim No. 35) ("Claim No. 35-1").

12. On July 8, 2016, this Court entered an Order approving Progressive's Disclosure Statement and confirming its First Amended Plan of Reorganization (Doc No. 302 and 360) (collectively the "Plan").

13. In relevant part, Pages 22-24 of the Plan provides the following:

> Class 5-Allied (Plumbing, Services, and Gracious). In full satisfaction of its Allowed Secured Claim, Allied's Allowed Class 5 Claim shall be treated as follows: . . . (e) *Allied shall receive payment in full of whatever amount the Court determines Debtors owe to Allied on account of the claims made by Kellogg & Kimsey, Inc. and related to Claim No. 35-1.* Payments shall be made in monthly installments based on a 10 year amortization, fixed 4.5% interest rate, and a 6 year maturity. Debtors shall file a claims objection against the Kellogg claim. Payments shall commence 30 days after a final, non-appealable judgment or order is entered declaring the amount owed by Debtors on Claim No. 35-1. Debtors will receive credit and shall not pay

> Allied any amounts Debtors are to pay Kellogg due to Kellogg's Claim No. 35-1, contingent upon Kellogg giving Allied Credit for such receipts. If Allied settles with Kellogg prior to a final determination by the Court as to Debtors' liability, the bankruptcy court shall determine what amount is owed to Allied. (f) Debtors will provide Allied with copies of all insurance policies related to Kellogg and Evergreen. (g) Upon the Effective Date, Debtors shall release Allied of any claims accruing prior to the Effective Date, except for any and all claims related to Kellogg.  (Emphasis added.)

14. Kellogg's Complaint in this Case seeks, among other amounts, damages and pre- and post-petition attorneys' fees and costs and interest.

15. Kellogg's Complaint contains claims based on breach of contract, and breach of bond.

16. The Plan does not specify whether the amounts owed to Allied World in connection with Claim No. 35-1, if any, include post-petition attorneys' fees and costs and interest.

17. Progressive, Kellogg and Allied World are also parties to a case pending in Tennessee captioned *Progressive Plumbing, Inc. v. Kellogg & Kimsey, Inc. et al*, Case No. 15-699-I, Davidson County, Tennessee ("Tennessee Lawsuit").

18. Progressive alleges that Kellogg owes it money in the Tennessee Lawsuit.

19. Allied World, as surety for Progressive, has suffered losses and expenses relating to the bonds issued to Progressive on the Tennessee project, known as 1800 West End Hotel & MX Development, and has exposure to further losses on this project.

20. On account of such losses and loss exposure, Allied World possesses the legal and equitable right to receive payment of any funds that might be owed to Progressive in the Tennessee Lawsuit and objects to any funds being released to Progressive directly, or being used to setoff any damages incurred by Kellogg.

<u>COUNT I – DECLARATORY JUDGMENT</u>
(Bankruptcy Plan – Progressive)

21.     Allied World re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.     Allied World requests that this Court determine, as the final arbiter, the rights and obligations of Progressive and Allied World under the Plan as they may pertain to any amounts owed by Progressive to Allied World on account of the claims made by Kellogg in this Case and as related to Claim No. 35-1.

23.     Allied World also requests that this Court determine whether the "amount…Debtors owe Allied on account of the claims made by Kellogg and related to Claim No. 35-1" includes post-petition attorneys' fees and costs and interest.

COUNT II – DECLARATORY JUDGMENT
(Tennessee Lawsuit – cross-claim against Progressive)

24.     Allied World re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

25.     Allied World requests that this Court determine, as final arbiter, the rights and obligations of Progressive and Allied World regarding any judgment or settlement reached that credits or awards money to Progressive or Kellogg in the Tennessee Lawsuit whether in the form of contract balances, progress payments, equitable adjustments, retentions, refunds, or any other amounts that would be due and owing.

COUNT III – DECLARATORY JUDGMENT
(Tennessee Lawsuit – counter-claim against Kellogg)

26.     Allied World re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

27.     Allied World requests that this Court determine, as final arbiter, the rights and obligations of Kellogg and Allied World regarding any judgment or settlement reached that

credits or awards money to Progressive or Kellogg in the Tennessee Lawsuit whether in the form of contract balances, progress payments, equitable adjustments, retentions, refunds, or any other amounts that would be due and owing.

WHEREFORE, Allied World respectfully requests that this Court (1) determine the rights and obligations of Progressive and Allied World under the Plan as they may pertain to any amounts owed by Progressive to Allied World on account of the claims made by Kellogg in this Case and as related to Claim No. 35-1, (2) whether the amount owed by Progressive to Allied World on account of the claims made by Kellogg, and as related to Claim No. 35-1, includes post-petition attorneys' fees and costs and interest; (3) determine the rights and obligations of Progressive, Kellogg, and Allied World with regard to any judgment or settlement reached in the Tennessee Lawsuit that credits or awards money to Progressive, regardless of whether in the form of contract balances, progress payments, equitable adjustments, retentions, refunds, or any other amounts that would be due and owing, and (4) for such other and further relief in favor of Allied World as this Court deems just and proper.

Dated: May 31, 2017                                     Respectfully submitted,

/s Jonathan P. Cohen
Jonathan P. Cohen, Esq.
**Jonathan P. Cohen, P.A.**
Florida Bar No. 11526
500 East Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Telephone: (954) 462-8850
Facsimile: (954) 848-2987
jcohen@jcohenpa.com
service@jcohenpa.com
*Counsel for Allied World Specialty Insurance Company*

<u>Certificate of Service</u>

  I hereby certify that on May 31, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a true and correct copy of the foregoing has been furnished to all parties participating in the CM/ECF electronic noticing.

<u>/s/*Jonathan P. Cohen*</u>
Jonathan P. Cohen