UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CHAPTER 11 |
| | CASE NO.: 6:15-BK-07275-KSJ |
| PROGRESSIVE PLUMBING, INC., | |
| | |
| PROGRESSIVE SERVICES, LLC and | JOINTLY ADMINISTERED WITH |
| GRACIOUS LIVING DESIGN | CASE NO.: 6:15-BK-07276-KSJ |
| CENTER, INC. | CASE NO.: 6:15-BK-07277-KSJ |
| | |
| Debtors. | |
| _____/ | |
| | |
| KELLOGG & KIMSEY, INC. | |
| A Florida Corporation, | |
| | |
| Plaintiff | |
| | |
| v. | Adv. Case No.: 6:17-ap-00044-KSJ |
| | |
| PROGRESSIVE PLUMBING, INC., | |
| A Florida Corporation, ALLIED WORLD | |
| SPECIALTY INSURANCE COMPANY, | |
| a Foreign Profit Corporation | |
| _____/ | |
| | |
| PROGRESSIVE PLUMBING, INC., | |
| Counterclaim Plaintiff, | |
| | |
| v. | |
| | |
| KELLOGG & KIMSEY, INC., | |
| Counterclaim Defendant, | |
| _____/ | |
| PROGRESSIVE PLUMBING, INC., | |
| Cross-Claim Plaintiff, | |
| | |
| v. | |
| ALLIED WORLD SPECIALTY | |

INSURANCE COMPANY

  Cross-Claim Defendant

_____/

### CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan under Fed. R. Civ. P. 26(f):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures**<br>[Approximately 30 days after CMR meeting] | 7/14/17 |
| **Disclosure of Expert Reports**<br>**Plaintiff:**<br>**Defendant:**<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | 10/29/17 |
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 11/30/17 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | 11/30/17 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | 11/30/17 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 11/22/17 |
| All Other Motions Including Motions *In Limine*<br>[Court recommends 3 weeks before Final Pre-trial conference] | 11/22//17 |
| Final Pretrial Conference<br>[Court will set a date that is approximately 3 weeks before trial] | 12/13/17 |
| Trial Term Begins | Jan or Feb 2018 |
| Estimated Length of Trial<br>[Number of trial days] | 5-7 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Non-Jury | |
| Mediation Deadline: | Completed |

I. Meeting of Parties in Person

The Parties request an Order allowing Counsel to meet by telephone because Kellogg & Kimsey, Inc.'s Counsel is in Sarasota, Florida, Allied World Specialty Insurance Company's Counsel is in Palm Beach, Florida and Progressive Plumbing, Inc.'s Counsel is in Orlando, Florida. The conference call was held on May 12, 2017.

| Name | Counsel for (if applicable) |
|---|---|
| M. Lewis Hall, III | Plaintiff |
| David Gurley | Plaintiff |
| Michael Nardella | Progressive Plumbing, Inc. |
| Jonathan Cohen | Allied World Specialty Ins. Company |

Once the parties have met and a case management report has been filed, discovery in this case can commence.

II. Pre-Discovery Initial Disclosures of Core Information
Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory, except as stipulated by the parties or otherwise ordered by the Court

The parties ____ have exchanged __X__ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) by <u>7/14/17</u>.

Below is a description of information disclosed or scheduled for disclosure, including

3

electronically stored information as further described in Section III below.

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A.     The form or forms in which ESI should be produced.

    B.     Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

    C.     Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D.     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E.     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: **There are no areas of dispute as of this time.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.   **Agreed Discovery Plan for Plaintiffs and Defendants**

A.   **Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave

5

of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions- **Nothing further at this time.**

2. Interrogatories- **Nothing further at this time**

3. Document Requests- **Nothing further at this time**

4. Requests to Admit- **Nothing further at this time**

5. Supplementation of Discovery- **Nothing further at this time**

**B.     Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **Nothing further at this time.**

**C.     Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **Nothing further at this time.**

**D.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties anticipate submitting a mutually agreeable protective order with appropriate non-waiver, clawback of inadvertently disclosed privileged information, and confidentiality provisions.

E.    **Other Matters Regarding Discovery —**
**None at this time.**

V.    **Settlement and Alternative Dispute Resolution.**

A.    **Mediation —**

A mediation has been completed. Either Party may request an additional mediation as it my deem advisable.


Date: June 14, 2017

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

WILLIAMS, PARKER, HARRISON, DIETZ & GETZEN

/s/ *M. Lewis Hall, III*
M. Lewis Hall, III
Fla. Bar No. 0249513
200 South Orange Avenue
Sarasota, FL 34236
Telephone: (941) 366-4800
Facsimile: (941) 366-5109
Primary Email:
lhall@williamsparker.com
Secondary Email:
mwengerd@williamsparker.com
*Co-Counsel for Kellogg and Kimsey, Inc.*

And

**GURLEY VITALE**
By: /s/ *David E. Gurley*
David E. Gurley, FBN 0402214
dgurley@GurleyVitale.com
Secondary:
eservice@GurleyVitale.com
Jennie Z. Lippert FBN 98184
jlippert@GurleyVitale.com
Secondary:
eservice@GurleyVitale.com
601 S. Osprey Avenue
Sarasota, FL 34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
*Attorneys for Kellogg and Kimsey, Inc.*

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

And

/s/ Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
1920 North Orange Ave.
Suite 100
Orlando, FL 32804
(407) 650-0003
Roman@romanvhammes.com
*Attorneys for Progressive Plumbing, Inc.*

/s/Jonathan P. Cohen
Jonathan P. Cohen, Esq.
**Jonathan P. Cohen, P.A.**
Florida Bar No 11526
500 East Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Telephone: (954) 462-8850
Facsimile: (954) 848-2987
jcohen@jcohenpa.com
service@jcohenpa.com
*Attorney for Allied World Specialty Insurance Company*

-4197693

8