UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PROGRESSIVE PLUMBING, INC., PROGRESSIVE SERVICES, LLC, and GRACIOUS LIVING DESIGN CENTER, INC.,

            Debtors.
_____/

KELLOGG & KIMSEY, INC., a Florida Corporation,

            Plaintiff,

v.

PROGRESSIVE PLUMBING, INC., A Florida Corporation, ALLIED WORLD SPECIALTY INSURANCE COMPANY,

A Foreign Profit Corporation,

            Defendants.
_____/

PROGRESSIVE PLUMBING, INC.,

            Counter-Plaintiff,

v.

KELLOGG & KIMSEY, INC.,

            Counter-Defendant.
_____/

PROGRESSIVE PLUMBING, INC.,

            Cross-Plaintiff,

CHAPTER 11,
CASE NO: 6:15-BK-07275-KSJ

JOINTLY ADMINISTERED WITH
CASE NO.: 6:15-BK-07276-KSJ
CASE NO.: 6:15-BK-07277-KSJ

Adv Case No.: 6:17-AP-00044-KSJ

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at the US Bankruptcy Courthouse, Middle District of Florida, Orlando Division, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on the movant's attorney, Jonathan P. Cohen, P.A., 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, Florida 33394, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

               Cross-Defendant.

_____/

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

               Cross-Plaintiff,

v.

PROGRESSIVE PLUMBING, INC.,

               Cross-Defendant.

_____/

**DEFENDANT ALLIED WORLD SPECIALTY INSURANCE COMPANY'S
MOTION FOR LEAVE AND INCORPORATED MEMORANDUM OF LAW**

Defendant, ALLIED WORLD SPECIALTY INSURANCE COMPANY ("Allied World"), by and through its undersigned counsel, hereby files this motion for leave to amend its counterclaim against Kellogg & Kimsey, Inc. (Kellogg) and crossclaim against Progressive Plumbing, Inc. ("Progressive"), pursuant to Federal Rules of Civil Procedure 15 and Local Bankruptcy Rule 7001-1. For the reasons set forth in the incorporated memorandum of law below, Allied World respectfully requests that the Court grant it leave to amend its counterclaim against Kellogg and crossclaim against Progressive in the form attached as **Exhibit A**.

                    I.        <u>Background</u>

Allied World filed an amended crossclaim against Progressive Plumbing and counterclaim against Kellogg on May 31, 2017. [DE#20]. Kellogg responded to the counterclaim by filing a motion to dismiss on June 21, 2017 [DE#27], and Progressive answered the crossclaim on June 21, 2017. [DE#28]. Allied World has determined that

2

while it believes its Count II for declaratory judgment against Kellogg is appropriately plead, it may be beneficial for the parties and the Court for Allied World to amend its counterclaim for declaratory judgment and add a counterclaim for subrogation. Because the facts relating to the counterclaim and crossclaim are extricably intertwined, the crossclaim against Progressive would also need amending. This would be the first amendment to the counterclaim against Kellogg and second amendment as to the crossclaim. The proposed amended pleading is attached as **Exhibit A**.

II.     Argument and Citation of Authority

Pursuant to Federal Rules of Bankruptcy 7015 and Federal Rules of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires." The United States has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 731 U.S. 178, 182 (1962). The only time an amendment to a pleading should not be allowed is in the following circumstances: "(1) when there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing the amendment would cause undue prejudice to the opposing party; or (3) where the amendment would be futile. *Byrant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "Leave to amend should be granted if the proposed amendment corrects the deficiencies in the original pleading and is legally adequate and not futile." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

As explained by the United States Supreme Court, leave should be "freely given" pursuant to the Federal Rules in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure, and futility of amendment." See *Foman*, 371 U.S. at 182. None of these scenarios exist here with respect to the pending motion for leave. Allied World has timely moved for leave; Allied World has never amended the counterclaim before; and Allied World has amended the crossclaim only once. There is no prejudice in

allowing the amendment given that the adversary proceeding was filed in April 2017, the case management report was submitted on June 14, 2017 [DE #25], and discovery has not commenced. In addition, the amendment is not futile – it clearly outlines Allied World's rights to contract balances purported to exist on the Tennessee project that would take precedence over any right of Kellogg or Progressive to the contract balances.

Filing a motion for leave to amend while a motion to dismiss is pending is not unusual. *Carbiener v. Lender Processing Services, Inc.*, 2014 WL 12616966 at *3 (M.D. Fla. September 29, 2014). Procedurally, if the motion for leave is granted, the amended counterclaim would supercede the previous counterclaim, and the pending motion to dismiss would be rendered moot. *Id.*

This is Allied World's first motion for leave to amend its counterclaim to cure the alleged deficiencies alleged by Kellogg. The proposed amended counterclaim is viable and well-supported by law. By filing an amended counterclaim, the crossclaim against Progressive also needs amending by virtue of the additional allegations asserted under the factual allegations section of the pleading and incorporated into the individual counts.

Given that the counterclaim is being amended for the first time and the crossclaim is being amended a second time (though not as the result of alleged deficiencies), none of the *Foman* and *Bryant* factors are applicable to deny this motion for leave.

III.    Conclusion

For the foregoing reasons, Allied World respectfully requests that this Court grant its Motion for Leave to Amend its Counterclaim in a substantially similar form as the attached **Exhibit A** and to grant any further relief deemed just and necessary.

Dated: June 30, 2017

Respectfully submitted,

*/s Jonathan P. Cohen*
Jonathan P. Cohen, Esq.
**Jonathan P. Cohen, P.A.**
Florida Bar No. 11526
500 East Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Telephone: (954) 462-8850
Facsimile: (954) 848-2987
jcohen@jcohenpa.com
service@jcohenpa.com
*Counsel for Allied World Specialty Insurance Company*

## Certificate of Service

I hereby certify that on June 30, 2017, I electronically filed the foregoing motion with the Clerk of Court by using the CM/ECF system and a true and correct copy of the foregoing has been furnished to all parties participating in the CM/ECF electronic noticing.

*/s/Jonathan P. Cohen*
Jonathan P. Cohen