Case 6:17-ap-00044-KSJ   Doc 39-2   Filed 10/17/17   Page 1 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

In re Progressive Plumbing, Inc.
        Debtor

*(Complete if issued in an adversary proceeding)*

Kellogg & Kimsey, Inc.
        Plaintiff
        v.
Progressive Plumbing, Inc., et al.
        Defendant

Case No.: 6:15-BK-07275-KSJ

Chapter 11

Adv. Proc. No. 6:17-ap-00044-KSJ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Representative of Ace Hospitality, Inc., 280 Warfield Boulevard, Clarksville, TN 37043

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached Schedule "A."**

| PLACE - Kennerly, Montgomery & Finley, P.C., Attn: Briton S. Collins, Esq., 550 Main Street, Fourth Floor, Knoxville, TN 37902<br>***Electronic copies of documents sent by email are preferred | DATE AND TIME - November 8, 2017 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 17, 2017

        CLERK OF COURT

                                    OR

_____                           _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Progressive Plumbing, Inc., who issues or requests this subpoena, is: Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Dr., Suite 102, Orlando, FL 32801, mnardella@nardellalaw.com, 407-966-2680

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                         _____
                                                              *Server's signature*

                                                           _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A TO PROGRESSIVE PLUMBING, INC.'S
# SUBPOENA TO ACE HOSPITALITY, INC.

## INSTRUCTIONS

1. In producing the requested items, Ace Hospitality, Inc. ("Ace") is requested to furnish all documents, ESI and tangible things held by or available to it regardless of whether any such item is currently in the possession or custody of Ace's attorneys, employees, agents, representatives or otherwise available to Ace.

2. Unless otherwise stated within or implied by the request, the time period of each request is from January 1, 2012, through the date of response.

3. If copies or drafts exist of a responsive document, then Ace is requested to produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

4. The singular form and masculine form of a noun or pronoun shall embrace, and shall be read and applied, as the plural or feminine or neuter form of the noun or pronoun, as may be appropriate under the context of the noun or pronoun.

5. If Ace objects to the production of any document on the claim of attorney/client or work product privilege, then Ace is requested to identify the privilege claimed as well as each document for which such privilege is claimed, together with the following information with respect to each such document:

   a. Date;
   b. Sender;
   c. Addressee;
   d. Subject;
   e. The basis on which the privilege is claimed; and,
   f. The names of persons to whom copies of any part of the document were furnished, together with an identification of their employer and their job titles.

6.  With respect to e-mails, true and correct hard copies, entirely unedited and unaltered, may be produced, but each copy must include full header details, entire e-mail threads, and complete copies of all attachments.

## DEFINITIONS

1.  "Plaintiff" means Kellogg & Kimsey, Inc., together with any related entities, subsidiaries, employees, agents, representatives, attorneys and any other persons acting or purporting to act for or on behalf of the foregoing.

2.  "Ace" means Ace Hospitality, Inc., together with any related entities, subsidiaries, employees, agents, representatives, attorneys and any other persons acting or purporting to act for or on behalf of the foregoing.

3.  "Allied" means Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company together with any related entities, subsidiaries, employees, agents, representatives, attorneys and any other persons acting or purporting to act for or on behalf of the foregoing.

4.  "Progressive" means Progressive Plumbing, Inc., together with any related entities, subsidiaries, employees, agents, representatives, attorneys and any other persons acting or purporting to act for or on behalf of the foregoing.

5.  "Project" means the hotel project known as 1800 West End Hotel & MX Development, which is located at 1800 West End Avenue, Nashville, Tennessee 37203.

6.  "Building Inspector" means the Metropolitan Government of Nashville and Davidson County, Tennessee, Department of Codes and Building Safety, together with any related entities, subsidiaries, employees, agents, representatives, attorneys and any other persons acting or purporting to act for or on behalf of the foregoing.

7. "Person" means any individual, trust, firm, partnership, organization, company, corporation, business, entity, or association.

8. "Communication" means any interchange, expression, conveyance, signal, delivery, or transmission of thoughts, opinions, or information and includes, but is not limited to, e-mail, voice-mail, text messaging, instant or online messaging, calendar data, correspondence, facsimiles, electronic file sharing, in-person meetings, recordings, telephone or conference calls, on-line chats, and any form of video or internet conferencing.

9. "Concerning" means in any way directly or indirectly relating, regarding, pertaining, or referring to, or discussing, describing, indicating, or disclosing.

10. "Relate", "related", "relates", or "relating" means in any way directly or indirectly concerning, constituting, evidencing, supporting, confirming or representing.

11. "Any", "each", and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request in which such term appears.

12. "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents (as hereinafter defined) responsive to all or any part of the particular request in which any conjunction or disjunction appears.

13. The term "including" shall in all instances mean "including, but not limited to".

14. The term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction. The term "document" includes all copies of a document which contain any additional writing, underlining,

notes, marginalia, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

15. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

16. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

## DOCUMENTS TO BE PRODUCED

1. Ace's entire non-privileged file related to the Project.

2. All contracts or agreements entered into between Ace and Plaintiff regarding the Project, including any documents or agreements between Ace and Plaintiff containing terms for the withholding and/or payment of retainage, as well as any schedules for payments.

3. All contracts or agreements entered into between Ace and any other entity related to the repair or continuance of Progressive's scope of work on the Project, including any documents or agreements between Ace and these entities containing terms for the withholding and/or payment of retainage, as well as any schedules for payments.

4. All documents evidencing payments, including invoices, cancelled checks, bank statements or credit card statements, from Ace to Plaintiff for Plaintiff's work on the Project.

5. All documents evidencing payments, including invoices, cancelled checks, bank statements or credit card statements, from Ace to Plaintiff for Progressive's work on the Project.

6. All documents, evidencing payments, including invoices, cancelled checks, bank statements or credit card statements, from Ace to any other entity for the repair or continuance of Progressive's work on the Project.

7. All payment applications submitted by Plaintiff to Ace regarding Plaintiff's work on the Project.

8. All non-privileged Communications, including electronic Communications, between Ace and Plaintiff, regarding Plaintiff's work on the Project.

9. All non-privileged Communications, including electronic Communications, between Ace and Plaintiff, regarding payment to Progressive for its work on the Project.

10. All non-privileged Communications, including electronic Communications, between Ace and Plaintiff, regarding individuals or entities hired to complete Progressive's allegedly defective or improper work on the Project.

11. All non-privileged Communications, including electronic Communications, between Ace and Plaintiff, regarding payments made by Ace to Plaintiff or any other entity on the Project.

12. All non-privileged Communications, including electronic Communications between Ace and Plaintiff, regarding any aspect of Progressive's work on the Project, including Communications regarding change orders, allegedly deficient or improper work, and completing Progressive's scope of work.

13. All non-privileged Communications, including electronic Communications between Ace and the Building Inspector regarding any and all inspections completed by the Building Inspector on the Project.

14. All non-privileged Communications, including electronic Communications between Ace and Allied regarding the Project.

15. All non-privileged Communications, including electronic Communications between Ace and Progressive regarding the Project.

16. All non-privileged Communications, including electronic Communications between Ace and any entity retained to complete or repair any aspect of Progressive's scope of work on the Project.

17. All non-privileged Communications, including electronic Communications between Ace and Plaintiff related to any entity retained to complete or repair any aspect of Progressive's scope of work on the Project.

18. All non-privileged Communications, including electronic Communications between Ace and any entity retained to complete or repair any aspect of Progressive's scope of work on the Project, regarding payment from Ace to that entity.

19. All non-privileged Communications, including electronic Communications between Ace and Plaintiff related to payment from Ace to any entity retained to complete or repair any aspect of Progressive's scope of work on the Project.

20. All documents regarding inspections completed on the Project by the Building Inspector.

21. The entire permit history for the project, including all building permits and all supporting documentation thereto.